E-FILED
Thursday, 23 December, 2004  10:44:33 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| FAYE M. DAVIS d/b/a EARTHCRAFTERS, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, FAYE M. DAVIS d/b/a EARTHCRAFTERS, and alleges as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, §1145.

2. The Plaintiff Fund, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, is administered pursuant to the terms and provisions of Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Security Act of 1974 (as amended), 29 U.S.C. §§1001 *et seq.* The address and place of business of the Railroad Maintenance and Industrial Health and Welfare Fund is 2205 West Wabash Avenue, Suite 211, Springfield, Illinois, 62704.

3. That the Defendant, FAYE M. DAVIS d/b/a EARTHCRAFTERS, is an Employer

engaged in an industry within the meaning of ERISA, 29 U.S.C. §§1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by, Operating Engineers Local 150, and said individuals are participants in the Fund, pursuant to the Landscaping Memorandum of Agreement by and between Operating Engineers Local 150 and Defendant. The Landscaping Memorandum of Agreement is attached hereto and made a part hereof as Plaintiff's **Exhibit A**.

4. The Defendant's address is Marseilles, Illinois 61341.

5. Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, §1145), the Defendant is required to make contributions to the Fund in accordance with the terms and conditions of the Restated Agreement and Declaration of Trust of the Railroad Maintenance and Industrial Health and Welfare Fund. The Restated Agreement and Declaration of Trust, in pertinent part, is attached hereto and made a part hereof as Plaintiff's **Exhibit B**.

6. Pursuant to Article IV, <u>Section 4.8 Report on Contributions and Production of Records</u>, of the Restated Agreement and Declaration of Trust of the Railroad Maintenance and Industrial Health and Welfare Fund, the Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

7. That Article IV, Section 4.4, of the Restated Agreement and Declaration of Trust provides that the Trustees of the Welfare Fund shall be entitled to institute any appropriate action, including legal action, to remedy an Employer's failure to properly make payment to the Fund.

8. That Plaintiff has made demands upon the Defendant, FAYE M. DAVIS d/b/a EARTHCRAFTERS, to permit an audit for the period of March 1, 2001, through current, but Defendant has refused to satisfy said demands. Such demands are attached hereto and incorporated

herein as Plaintiff's **Exhibit C**.

9. That Plaintiff is entitled to reasonable attorney fees pursuant to Article IV, Section 4.8 of the Restated Agreement and Declaration of Trust of the Railroad Maintenance and Industrial Health and Welfare Fund and ERISA 29 U.S.C. §1132(g)(2). Attached hereto and incorporated herein as **Exhibit D** is the Affidavit of Patrick J. O'Hara in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A. That an account be taken by the Plaintiff as to wages received and hours worked by Defendant's employees from March 1, 2001, through current, in order to determine amounts required to be paid by the Defendant to the Plaintiff;

B. That Defendant be decreed to pay to the Plaintiff all such monies determined by the audit, interest and statutory remedies, for all contributions due and owing at the time judgment is entered;

C. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiff, particularly to furnish to the Plaintiff the required contribution reports and payments referred to above, or in lieu thereof, a statement covering the period for which said reports are required that Defendant had no employees for whom contributions are required to be made;

D. That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records pursuant to the respective Restated Agreements and Declarations of Trust of the Plaintiff;

E. That Defendant be decreed to pay to the Plaintiff its reasonable attorney fees to

date in the amount of $891.00, as provided by ERISA 29 U.S.C. §1132(g)(2) and the respective Restated Agreement and Declaration of Trust of the Plaintiff; and

  F. That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

RAILROAD MAINTENANCE AND INDUSTRIAL<br>
HEALTH AND WELFARE FUND, Plaintiff,<br><br>

By: _____s/ Patrick J. O'Hara_____<br>
PATRICK J. O'HARA<br>
**CAVANAGH & O'HARA**<br>
407 East Adams<br>
Post Office Box 5043<br>
Springfield, Illinois 62705<br>
Telephone: (217) 544-1771<br>
Fax: (217) 544-9894<br>
patrick@cavanagh-ohara.com

F:\files\RAILROAD\Earthcrafters\C-Earthcrafters.AUD.wpd