RESTATED AGREEMENT
AND
DECLARATION OF TRUST

OF THE

RAILROAD MAINTENANCE AND INDUSTRIAL
HEALTH AND WELFARE FUND

Adopted: January 18, 1996

EXHIBIT
B

# ARTICLE IV

## CONTRIBUTIONS AND COLLECTIONS

Section 4.1  Employer Contributions.

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Trustees of the Railroad Maintenance and Industrial Health and Welfare Fund. The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c) Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. The Association or any other employers association or group shall not be responsible for the contributions, payment or other obligations of any other Employer, or otherwise.

Section 4.2  Employee Contributions. Participants (i) who cease to perform work for an Employer for which work Employer contributions were required to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) who, at the time they last performed such work, had been eligible and qualified to receive benefits under the plan of benefits established by the Trustees under this Fund, and (iii) who are members of such a class of such Participants as to whom the Trustees,

16

consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class, shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.

Section 4.3  <u>Receipt of Payment and Other Property of Trust</u>.

The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 4.4  <u>Collection and Enforcement of Payments</u>. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purpose.

17

Section 4.5  Late Payments.  The Trustees may require the payment by Employers of liquidated damages at the rate of ten percent (10%) of the balance due or as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees and of other costs and expenses (such as without limitation, attorneys' fees, filing fees and cost of service of papers and all audit costs incurred by the Trustees and arising out of the collection of such Employer's delinquent contributions. Non-payment, by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

Section 4.6  Production of Records.  Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees and the insurance carrier, when so authorized by the Trustees, may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.7  Conduct of Trust Business.  The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with the Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees

may, in the course of conducting the business of the Trust, execute all instruments in the name of the Railroad Maintenance and Industrial Health and Welfare Fund, which instruments shall be signed by at least one Employer and one Employee Trustee, with the exception of benefit claim checks which any two (2) Trustees may execute; provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

Section 4.8 <u>Report on Contributions and Production of Records</u>. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Welfare Plan. The Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the fund forward unless given written authorization by the Administrator. Upon request to destroy said records, or in the absence of said authorization, said records must be kept for 10 years. The Trustees shall require the Employer to designate the classification of all of his employees and if the employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a substantial difference between hours actually worked and an employee's hours reported to the Trust by his Employer, or where the matter has been referred to Fund Counsel for collection or to obtain an audit, regardless of whether the audit discloses a delinquency, the Employer must pay the cost of the audit. Furthermore, where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of the report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent a personal liability for owners or partners who are not otherwise incorporated.

In addition, the delinquent contributions shall bear interest up to the prime rate of interest as recognized by the First National Bank of Springfield, (or its successor Bank), or such other lawful amount as determined by the Trustees from the due date until totally satisfied.

In the event an Employer party to this Trust Agreement or otherwise bound thereby becomes delinquent in his contributions and the Trustees place the account in the hands of legal counsel for collection, said delinquent Employer shall be liable for reasonable attorney's fees and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. "Reasonable attorney's fees" as used herein shall mean: All reasonable attorney's fees in the amounts for which the Trustees become legally obligated including recovery of liquidated damages, audit costs, filing fees and any other expenses incurred by the Trustees.